# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION., and LAW DEBENTURE TRUST COMPANY OF NEW YORK<br><br>      Plaintiff,<br><br>      v.<br><br>NORTHWESTERN CORPORATION,<br><br>      Defendant. | Civil Action No. 04-1494-JJF |
| MAGTEN ASSET MANAGEMENT CORPORATION,<br><br>      Plaintiff,<br><br>      v.<br><br>PAUL HASTINGS JANOFSKY & WALKER LLP,<br><br>      Defendant. | Civil Action No. 04-1256-JJF |
| MAGTEN ASSET MANAGEMENT CORPORATION,<br><br>      Plaintiff,<br><br>      v.<br><br>MIKE J. HANSON & ERNIE J. KINDT,<br><br>      Defendants. | Civil Action No. 05-499-JJF |

**MEMORANDUM ORDER**

Pending before the Court is Defendant NorthWestern Corporation's ("NorthWestern") Motion For A Protective Order (D.I. 55).[1] By this motion, Defendant seeks to bifurcate

---

[1] The pending motion was only filed and docketed in Civil Action No. 04-1494, as D.I. 55. It was not filed or docketed in Civil Action Nos. 04-1256 or 05-499. To the extent Northwestern is involved, and to the extent discovery was consolidated in

discovery and to limit the first phase to exploring whether assets were fraudulently conveyed to Northwestern from subsidiaries. For the following reasons, this motion will be denied.

## I. BACKGROUND

The Debtor, NorthWestern, petitioned the United States Bankruptcy Court for the District of Delaware for Chapter 11 relief on September 14, 2003. On April 16, 2004, Plaintiffs Magten Asset Management Corporation and Law Debenture Trust Company of New York filed a complaint against the Debtor in the Bankruptcy Court, alleging that the Debtor had received fraudulently transferred assets from its subsidiaries. Plaintiffs are seeking to strip the Debtor's estate of these assets. Any judgment in this Adversary Proceeding will be satisfied from the Disputed Claims Reserve established in the Debtor's Plan of Reorganization, and any remaining funds in the reserve will then be distributed to certain unsecured creditors (holders of Allowed Class 7 and Class 9 claims) on a *pro rata* basis.

## II. LEGAL STANDARD

A party resisting discovery may move for the court to "make any order which justice requires to protect a party or person

---

these cases, this Memorandum Order will be entered in all three cases.

2

from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). To prevail, the movant must demonstrate good cause for a protective order. Id. "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) (quoting Publicker Indus. Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)). In determining whether there is good cause, courts will balance the interests of the parties and the public. Pansy, 23 F.3d at 787.

## III. Discussion

Defendant NorthWestern is seeking a protective order to bifurcate discovery. Defendant contends that the most expeditious way to conduct discovery is to first have discovery on the existence of fraud relating to the Third Indenture. In support of this request, Defendant contends that Plaintiff's standing to sue is contingent on proving that The Bank of New York relied on NorthWestern's allegedly fraudulent financial statements. Specifically, Defendant contends that discovery on this narrow matter should be limited to what Bank of New York looked at and believed, and that the only discovery required to dispose of Plaintiff's claim is discovery from the Bank of New York. (D.I. 56 at 6). Additionally Defendant has requested that all other discovery be stayed until the fraud issue is resolved.

3

Id.

The Court concludes that Defendant's argument has misconstrued the opinion of the Bankruptcy Court as well as the scope of discovery that may be necessary for Plaintiff to develop its claims, even if discovery were limited to whether the Third Indenture was procured by fraud. See Magten Asset Management Corp. and Law Debenture Co. Of New York v. NorthWestern Corp., Adv. Pro. No. 04-53324, Case No. 03-12872, (U.S. Bankruptcy Court, District of Delaware), Under Advisement Decision dated August 20, 2004, at pg. 11. Judge Case's language does not condition Plaintiff's standing to sue NorthWestern on whether The Bank of New York relied on NorthWestern's financial statements. Rather, Judge Case noted that the essence of Plaintiff's fraud argument was that NorthWestern "engaged in a knowing and conscious fraudulent scheme." In light of this characterization, Judge Case determined that the relevant inquiry is "whether Debtor knew at the time that it could not do the transaction based on its rested accountings etc. and whether the financial information Debtor provided the public was in fact false." Id. at 9, 10.

Because the Court concludes that discovery should not be limited to The Bank of New York's beliefs when executing the Third Indenture, but necessarily must include Defendant's knowledge and conduct in initiating and completing the Third

4

Indenture, Defendant's arguments for a protective order are unpersuasive. Defendant has not demonstrated that it will suffer any annoyance, embarrassment or oppression if it complies with Plaintiff's pending discovery requests. Moreover, Defendant has not overcome Plaintiffs' contention that the information sought in its discovery requests is relevant and necessary to answer Judge Case's questions as to whether Defendant Northwestern perpetrated a fraud.

Defendant also contends that this protective order is necessary to increase the chance of settlement because bifurcation would satiate the Plan Committee. Assuming this statement is correct, failing to maximize settlement possibilities is not a "harm" anticipated by Rule 26(c), and does not warrant so severe an intervention as limiting discovery. Defendant has not demonstrated any clearly defined injury nor any undue burden arising from the normal discovery process of any litigation. Therefore, the Court will deny Defendant Northwestern's Motion To Dismiss.

To the extent that there was joinder by Defendants Paul Hastings Janofsky & Walker, L.L.P. ("Paul Hastings")(Case 04-1256) and Mike J. Hanson & Ernie J. Kindt ("Hanson & Kindt")(Case 05-0499), without any supplement to Defendant Northwestern's motion, the Court finds that these latter defendants have not proven the special need for a protective order. Therefore, the

5

Court will also deny this motion as to Defendants Paul Hastings and Hanson & Kindt.

NOW THEREFORE IT IS HEREBY ORDERED that, as to all parties of joinder and all above captioned cases, Defendant NorthWestern's Motion For A Protective Order is **DENIED**. (D.I. 55).

September 29, 2006

_____
UNITED STATES DISTRICT JUDGE

6