# <u>Exhibit N</u>



## U.S. Securities and Exchange Commission

**U.S. SECURITIES AND EXCHANGE COMMISSION**

**Litigation Release No. 19932 / December 4, 2006**

**Accounting and Auditing Enforcement Release No. 2520 / December 4, 2006**

*SEC v. Bart A. Thielbar, David A. Monaghan, Keith W. Beachler, Jana L. Quam And Cary B. Griswold, (United States District Court for the District of South Dakota, Civil Action No. 06-4253)*

**SEC Charges Five Former Employees of a Northwestern Corporation Subsidiary with False Financial Reporting**

The Securities and Exchange Commission today filed a complaint against five individuals for misstating the financial results of NorthWestern Communications Solutions ("NCS"), a former division of NorthWestern Corporation's utility subsidiary. The Commission's complaint, filed in the United States District Court for the District of South Dakota, alleges that these misstatements caused NorthWestern to report materially false financial results in Commission filings and press releases relating to the fourth quarter of 2001 and the first two quarters of 2002. In its complaint, the Commission named Bart A. Thielbar, the former head of NCS, Keith W. Beachler, a former vice president of NCS, and Cary B. Griswold, a former NCS accountant; as well as David A. Monaghan and Jana L. Quam, the former vice president of finance and controller, respectively, for NorthWestern's utility subsidiary.

During the time period referenced in the Commission's complaint, NCS was headquartered in Sioux Falls, South Dakota, and sold and installed telecommunications equipment. The Commission's complaint alleges that, during the fourth quarter of 2001 and the first two quarters of 2002, NCS improperly recognized approximately $3.2 million of revenue by recording revenue on non-existent contracts and by recording revenue before work had been performed on existing contracts. The Commission's complaint also alleges that, for the fourth quarter of 2001, NCS improperly reclassified approximately $1 million in unsubstantiated assets to a goodwill account to avoid a year-end charge against income. The complaint further alleges that, during the third quarter of 2002, Thielbar and Monaghan attempted to cover up the improper accounting after it was exposed by internal auditors, mischaracterizing the nature and extent of the improprieties in reports to NorthWestern's audit committee and outside auditors.

The Commission's complaint charges Thielbar, Monaghan and Beachler with violations of Section 10(b) of the Securities and Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder, and Section 17(a) of the Securities Act of 1933. The complaint further charges all defendants with violations of Section 13(b)(5) of the Exchange Act and Rule 13b2-1

thereunder, and with aiding and abetting NorthWestern's violations of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act and Rules 12b-20, 13a-1, and 13a-11 thereunder. It further charges Thielbar, Beachler and Griswold with violating Exchange Act Rule 13a-13. The Commission's complaint seeks permanent injunctions, disgorgement with prejudgment interest, and civil penalties. The Commission also seeks an officer and director bar against Thielbar.

Monaghan, Beachler, Quam and Griswold, without admitting or denying the allegations in the Commission's complaint, each consented to the entry of a final judgment permanently enjoining them from violating or aiding and abetting violations of the provisions they allegedly violated. Monaghan consented to pay a $25,000 civil penalty, and Griswold consented to pay a $10,000 civil penalty. The Commission waived the imposition of a civil penalty against Beachler based upon his sworn financial statements. Quam's consent does not include a penalty.

*http://www.sec.gov/litigation/litreleases/2006/lr19932.htm*

Home | Previous Page                                      Modified: 12/04/2006